# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **EILEEN C. LUBERDA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1821-CEJ |
| | ) | |
| **DEPARTMENT OF SOCIAL SERVICES STATE OF MISSOURI,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND MEMORANDUM

Before the Court is a letter to the Court from plaintiff's counsel, dated October 17, 2005, which the Court will construe as motion to reconsider. Plaintiff moves the Court to reconsider its Order of October 14, 2005, denying plaintiff's petition to remove this action to this Court from the Circuit Court of St. Louis County, Missouri and remanding the action pursuant to 28 U.S.C. § 1447(c).

Plaintiff asserts that she did not select the circuit court as the forum for this action. Rather, the case was automatically appealed to that court by the State of Missouri after an adverse agency decision. Plaintiff further states that she was called a "claimant" until the State of Missouri caused this case to be transferred from the Department of Social Services to the circuit court. Plaintiff states that the State designated her as "plaintiff" even though she is defending herself from a state claim for funds from her Social Security disability pension checks. Plaintiff asserts that she is the real party defendant in this matter.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d

407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir. 1987). Moreover, a motion to reconsider may not be used to raise arguments which could have been raised prior to the Court's dismissal of the action. *See Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986).

Although plaintiff states that she is "the real party defendant," it is clear from plaintiff's complaint, and from the relief that she seeks, that she is, in both form and substance, the plaintiff in this matter. Specifically, plaintiff requests that the Court declare invalid, as violative of the Supremacy Clause, an order of the Missouri State Family Support Division. Plaintiff "prays judgment against the State of Missouri reversing the decision of the Missouri Department of Social Services...and ordering the State to cease...requiring a payment from funds authorized...as a Social Security benefit as a condition to receipt of Medicaid benefits." Given plaintiff's complaint and prayer for relief, she cannot be recast or designated by the Court as defendant in this matter. The Court finds no manifest error of law or fact to cause it to reconsider its Order of October 14, 2005.

Accordingly,

**IT IS THE ORDER** of this Court that plaintiff's motion to reconsider [Doc. 8] be **DENIED**.

Dated this 26th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**